IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PEDRO CORNEJO,<br><br>Defendant. | Cause No. CR 03-050-M-DWM<br>CV 13-141-M-DWM<br><br>ORDER DISMISSING MOTION<br>FOR RETURN OF PROPERTY |

On July 15, 2013, Defendant Pedro Cornejo filed a motion for the return of property. The property consists of a check in the amount of $300.00 and currency in the amount of $900.00. It was seized from him when he was arrested in approximately November 2003. Cornejo is a federal prisoner proceeding pro se.

A motion filed under Fed. R. Crim. P. 41(g) after criminal proceedings have concluded is treated as a civil complaint. *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). The statute of limitations is six years. 28 U.S.C. § 2401(a). The limitations period begins to run on the date the criminal judgment is entered. *Bertin v. United States*, 478 F.3d

1

489, 493 (2d Cir. 2007). That was on October 12, 2004. The statute of limitations expired on October 12, 2010.

Cornejo filed a § 2255 motion on December 28, 2007, at a time when he could have sought return of the property. He did not seek it then. It is too late now. The limitations period is a complete defense on the face of Cornejo's pleading and in light of the Court's records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). The motion is "wholly insubstantial and frivolous." *Sarei v. Rio Tinto, PLC*, 487 F.3d 1193, 1200 (9th Cir. 2007); *Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Cornejo's motion (doc. 112) is DENIED.

2. The Clerk shall enter judgment in favor of the United States and against Cornejo in the civil file.

DATED this 25th day of July, 2013.

Donald W. Molloy
United States District Court